UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-CR-590 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| TRE WILLIAMS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

Defendant Tre Williams is charged with being a Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1).  (ECF #1, Indictment.)  Defendant has moved to dismiss the indictment on the basis that Defendant's conduct is protected under the Second Amendment.  (ECF #15.) Defendant relies on recent United States Supreme Court interpretation of the Second Amendment as provided in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 2122 (2022).  The Government has responded in opposition.  (ECF #20.)  For the following reasons Defendant's motion is **DENIED.**

### BACKGROUND FACTS

The indictment alleges Defendant has been previously convicted of crimes punishable by imprisonment for a term exceeding one year in Summit County, Ohio Case Numbers CR-10-11-3052, CR-2015-04-1223 and CR-2018-04-1323.  (ECF #1.)  The Indictment further alleges that Defendant knowingly possessed a firearm and ammunition in and affecting state commerce despite knowledge of his prior felonies, which prohibits such conduct.  *Id.*

Defendant is charged with violating 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person" "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce[] any firearm or ammunition . . . " § 922(g)(1).

## LAW AND ARGUMENT

Defendant argues that despite his prior felonies he is a member of the "people" afforded by the Second Amendment of the U.S. Constitution the right to "keep and bear arms." (ECF #15.)  He argues § 922(g)(1) runs afoul of his constitutional right because under a *Bruen* analysis, "The Government cannot meet its burden to show this statute is consistent with the Nation's historical tradition of firearm regulation, because there is no relevant historical evidence of categorically disarming felons." *Id.*

In opposition, the Government concedes the last fifteen years have produced significant changes in the scope and standards of review for Second Amendment claims.  (ECF #20.)  *Bruen* is the most recent of those changes.  The Government argues that despite the changes in Second Amendment jurisprudence the constitutionality of Congress's prohibition on felon possession of firearms has remained constant.  *Id.*

Defendant argues conversely that there is no binding precedent post-*Bruen* establishing the constitutionality of § 922(g)(1) such that the Court "has the authority to grant [Defendant's] motion, which properly raised his Second Amendment arguments." (ECF #15.)  The basis for Defendant's argument is the Sixth Circuit case *United States v. Bowers*, No. 22-6095, 2024 U.S. App. LEXIS 2259 (6th Cir. Jan. 31, 2024), in which the court states neither it nor the Supreme Court has addressed the constitutionality of § 922(g)(1) after *Bruen*.  However, the Sixth Circuit also found in *Bowers* that the constitutionality of § 922(g)(1) was not properly before it nor was

2

it "clear or obvious" that § 922(g)(1) is unconstitutional in light of *Bruen*, such that Bowers' § 922(g)(1) conviction constituted plain error. *Id.* at *7.

The Government opposes the Motion three ways: 1) Sixth Circuit precedent requires a finding that felon dispossession laws are constitutional, 2) the Court can deny Defendant's motion on the merits because the Second Amendment permits disarmament of non-law-abiding citizens and 3) Section 922(g)(1) is constitutional as applied to Defendant due to his dangerous criminal history. (ECF #20.)

The Court finds it must only consider the Government's first argument because Sixth Circuit precedent controls resolution of this matter and the Court is without authority to reconsider felon dispossession or to consider the historical tradition of the practice, even in light of *Bruen*.

In *District of Columbia v. Heller*, the Supreme Court of the United States held the Second Amendment protects an individual's right to keep a firearm in their home for self-defense. 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). *Heller* also made clear that felon dispossession remained lawful under Second Amendment jurisprudence:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."

*Id.* at 626-7. The Supreme Court reiterated the lawfulness of felon dispossession two years later in *McDonald v. City of Chicago.* 561 U.S. 742, 786, 130 S. Ct. 3020, 3047 (2010).

Since *Heller*, the Sixth Circuit has been repeatedly clear that "prohibitions on felon possession of firearms do not violate the Second Amendment." *United States v. Goolsby,* No. 21-3087, 2022 U.S. App. LEXIS 6096, at *6 (6th Cir. Mar. 7, 2022) (citing *United States v. Carey,* 602 F.3d 738, 741 (6th Cir. 2010)); see also *United States v. Whisnant*, 391 F. App'x 426,

3

430 (6th Cir. 2010); *United States v. Khami*, 362 F. App'x 501, 507 (6th Cir. 2010).  The Sixth Circuit added, "[i]n reaching this conclusion, we have emphasized the government's "compelling" interest in "protecting the community" by "keep[ing] firearms out of the hands of presumptively risky people." *Id.* (citation omitted).

In an unpublished decision, the Sixth Circuit found that felon-in-possession statutes do not violate the Second Amendment under current binding precedent until it revisits the issue post-*Bruen*:

> [W]e unambiguously held in *United States v. Carey,* 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit.  While we have not yet revisited this issue following the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), and although there are numerous appeals pending before us that raise the issue, the vast majority of courts to have reconsidered the constitutionality of § 922(g)(1) post-*Bruen* have upheld it.  See, e.g., *United States v. Gleaves*, No. 3:22-CR-00014, 654 F. Supp. 3d 646, 2023 U.S. Dist. LEXIS 20328, 2023 WL 1791866, at *1 (M.D. Tenn. Feb. 6, 2023) (collecting cases).  *Carey* remains the precedent in this circuit.

*United States v. Vaughn,* No. 23-5790, 2023 U.S. App. LEXIS 25818, at *3 (6th Cir. Sep. 28, 2023).  Although this statement appears in an unpublished decision and thus, does not bind the Court, it is undoubtably clear and persuasive that *Carey* remains good law post-*Bruen*.

Accordingly, this Court joins the growing list of district courts to conclude that *Bruen* does not disturb the holding of *Carey* and felon dispossession remains constitutional.  *See United States v. Freeman,* 2024 U.S. Dist. LEXIS 16213 (E.D. Mich. Jan. 30, 2024); *United States v. MacKey,* 2023 U.S. Dist. LEXIS 208459 (E.D. Mich. Nov. 21, 2023); *United States v. Williams*, 2023 U.S. Dist. LEXIS 210412 (E.D. Mich., Nov. 27, 2023), *United States v. Nelson*, 2023 U.S. Dist. LEXIS 114505 (E.D. Mich., Jun. 29, 2023); *United States v. Jttonali One Eye El Bey,* 2024 U.S. Dist. LEXIS 538, (S.D. Ohio Jan. 2, 2024); *see also United States v. Brown*, 2023 U.S. Dist. LEXIS 199389 (N.D. Ohio Nov. 7, 2023), *United States v. Miller*, 2023 U.S. Dist. LEXIS

4

165705 (N.D. Ohio Sep. 18, 2023), *United States v. Taylor*, 2023 U.S. Dist. LEXIS 161805 (N.D. Ohio Sep. 12, 2023) (all finding *Bruen* does not cast doubt on longstanding prohibitions on possession of firearms by felons).

Defendant's argument is foreclosed and Defendant's motion is **DENIED.**

## CONCLUSION

**IT IS SO ORDERED.**

        /s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 24, 2024**